UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARIEL FELIX,

                              Plaintiff,

                    -against-                                      24-CV-960 (JGLC)

BLOOMBERG, L.P.,                                                      **ORDER**

                              Defendant.

JESSICA G. L. CLARKE, United States District Judge:

Defendant Bloomberg, L.P. ("Bloomberg") fired Plaintiff Ariel Felix ("Felix") shortly after the company learned that she had been using the prescription drug Klonopin in the workplace. ECF No. 49 ("Opinion & Order" or "Opinion") at 1. A few months later, on February 8, 2024, Felix sued her former employer, alleging disability and gender discrimination. ECF No. 1. She later dropped her gender discrimination claims. ECF No. 30. On May 5, 2025, Bloomberg moved for summary judgment. ECF No. 31. And on March 24, 2026, the Court denied in part and granted in part Bloomberg's motion. *See* Opinion & Order.

In brief, the Court denied summary judgment as to Felix's disability discrimination claims under the Americans with Disabilities Act ("ADA"), New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL"), but granted summary judgment as to Felix's claim that the company's inquiry into her drug use violated the ADA's prohibition on disability-related inquiries. *See id.* at 23. The Court assumes the parties' familiarity with the rest of the facts and procedural history of this case. *See* Opinion & Order at 2–7.

Now, Bloomberg moves for reconsideration of the Court's Opinion. ECF No. 50. In particular, Bloomberg asks the Court to reconsider its finding that "the record 'just barely' raises a triable issue of fact 'as to whether Bloomberg's alleged reason for the termination is pretextual.'" ECF No. 51 ("Mem.") at 1 (quoting Opinion & Order at 18); *see also* ECF No. 58 ("Reply"). Felix opposes the motion. ECF No. 55 ("Opp."). Having reviewed the parties' submissions, the Court DENIES Defendant's Motion for Reconsideration.

## LEGAL STANDARD

S.D.N.Y. Local Rule 6.3 requires that any motion for reconsideration be based upon "the matters or controlling decisions which the moving party believes the court has overlooked." The rule "is to be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly construed by the court." *Lent v. Fashion Mall Partners, L.P.*, 243 F.R.D. 97, 98 (S.D.N.Y. 2007) (internal citation omitted). In other words, a motion for reconsideration will be denied unless the moving party can point to data "that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (internal citation omitted). "The standard for reconsideration is strict and the decision is 'within the sound discretion of the district court.'" *Robbins v. H.H. Brown Shoe Co.*, No. 08-CV-6885 (WHP), 2009 WL 2496024, at *1 (S.D.N.Y. July 27, 2009) (citing *Colodney v. Continuum Health Partners, Inc.*, No. 03-CV-7276 (DLC), 2004 WL 1857568, at *1 (S.D.N.Y. Aug. 18, 2004)).

## DISCUSSION

Bloomberg asks the Court to reconsider its finding that the record raises a triable issue of fact as to whether Bloomberg's alleged reason for firing Felix—that she lied during Bloomberg's investigation—was pretextual. Bloomberg presents two related reasons to support its argument.

First, Bloomberg contends that the Court relied upon an inaccurate reading of the record to reach its conclusion and incorrectly incorporated a "strawman" argument into its analysis. *See* Mem. at 3–10. Second, Bloomberg argues that the testimony of Michael Wong, Felix's manager, "is insufficient, standing alone, to raise a triable issue of pretext." Mem. at 12. The Court addresses each in turn.

## I.   The Court's Mistaken Emphasis on One Particular Text Message Does Not Warrant Reconsideration

Bloomberg's central argument is that "the Court misapprehended the factual record" when it discussed text messages that Felix shared with the company during its investigation. Mem. at 2. In its Opinion, the Court reasoned that "[i]f Felix was forthcoming about her July 10 texts—namely, those that make clear that she was 'fucked up' at work—Bloomberg can hardly argue that it terminated her because she lied during its investigation." Opinion & Order at 18.

Bloomberg correctly stresses that Felix never provided Jamie Marchini, the Bloomberg Employee Relations Partner investigating Felix, with text messages that demonstrated that Felix was "fucked up" at work. Mem. at 1–2. Indeed, Bloomberg points out, Felix withheld "*any* of the several messages" that demonstrated that she was impaired at work, "including those in which she described herself as 'fucked up,' 'loopy,' 'feeling free,' 'high' on a work call, 'oblivious' to the point of not recalling her job, and one depicting her 'swaying back and forth' in a Bloomberg restroom." *Id.* at 2 (internal citation omitted). Bloomberg says that Felix only ever provided Marchini with texts that showed that Felix *used* Klonopin at work. *Id.* "Felix's 'disclosure,'" Bloomberg underscores, "undisputedly excluded the text messages that 'make clear that she was "fucked up" at work.'" *Id.* (quoting Opinion & Order at 18).

The Court acknowledges its error in highlighting that specific phrase—"text messages that 'make clear that she was "fucked up" at work'"—to emphasize its overall point. But

Bloomberg makes too much out of this admittedly imprecise wording. As an initial matter, the parties continue to dispute the extent to which the texts Felix undisputedly shared with Marchini show that Felix was impaired at work. *See* Mem. at 5–10, Opp. at 3–4. While Bloomberg argues that Felix "did not provide any of the July 10, 2023 text messages showing that she was impaired at work from taking Klonopin," Mem. at 6 (emphasis omitted), the very messages it relies on show otherwise when viewed in a light most favorable to Plaintiff. The text messages Bloomberg cites indeed state that Felix was "tired as fuck" at work after she took Klonopin—in other words, Felix shared at least one message indicating that she was impaired at work from taking Klonopin. *See* Opp. at 3. The fact that Bloomberg reads these messages otherwise does not mean it is entitled to summary judgment in its favor. Instead, a dispute of fact remains as to whether Bloomberg's decision to discharge Felix based on allegedly lying during the investigation about being impaired at work was pretextual.

The parties also dispute the extent to which Bloomberg's decision to fire Felix was predicated on Felix lying about *using* Klonopin at work or lying about her *impairment* at work. *See* Mem. at 1–4; Opp. at 4–5. Either way, the record raises a triable issue of fact as to whether Bloomberg's alleged reason for firing Felix was pretextual. Bloomberg points to evidence supporting the basis for Felix's termination, while Felix points to evidence (as described above and in Section II) suggesting these reasons were pretextual and that discrimination played a role in her firing. This dispute is a factual one for a jury to resolve. *See S. Katzman Produce Inc. v. Yadid*, 999 F.3d 867, 877 (2d Cir. 2021). Although the language used in the Opinion was imprecise, this oversight does not meet the strict threshold needed for reconsideration. *See Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012).

**II. Wong's Testimony Alone Remains Sufficient to Create a Triable Issue of Fact**

Even more importantly, Bloomberg glosses over the Court's "[m]ost salient[]" reason for finding that a triable issue of fact exists in this case: the testimony of Felix's manager Michael Wong. *See* Opinion & Order at 18–19. Bloomberg attempts to relitigate this issue to argue that "Wong's testimony alone does not get Felix across the line," but the Court continues to disagree. Mem. at 3.

As previously stated, "[r]esolving all ambiguities and drawing all factual inferences in Felix's favor, this evidence is—just barely—sufficient to create an issue of fact as to whether Bloomberg's alleged reason for the termination is pretextual." Opinion & Order at 18. This sentence followed the Court's discussion of Wong's testimony. *Id.* In other words, the Court has already concluded that Wong's testimony, alone, *does* "get Felix across the line." Mem. at 3; *see* Opinion & Order at 18–19. "Critically," the Court explained, "Bloomberg fails to explain away Wong's direct testimony that Felix's prescription drug use was 'part of the basis for the recommendation that she be terminated.'" Opinion & Order at 18 (quoting Wong Dep. 111:17–24 ("Q. Ariel Felix's use of either a drug or prescription drug was part of the basis for the recommendation that she be terminated? . . . A: Yes.")). This reasoning still stands.

"It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'. . . ." *Analytical Survs., Inc.*, 684 F.3d at 52 (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). That is precisely what Bloomberg attempts to do here. Accordingly, its Motion for Reconsideration fails on this independent basis, as well.

## CONCLUSION

For the reasons stated above, Bloomberg's Motion for Reconsideration is DENIED. The

Clerk of Court is respectfully directed to terminate ECF No. 50.


Dated: May 22, 2026
       White Plains, New York


                                        SO ORDERED.

                                        _Jessica Clarke_

                                        JESSICA G. L. CLARKE
                                        United States District Judge

6